IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES RUMA,** | : | |
| Plaintiff, | : | Civil Action 2:09-cv-0121 |
| v. | : | Judge Algenon L. Marbley |
| **DAVID SHASHURA,** *et al.***,** | : | Magistrate Judge E.A. Preston Deavers |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Motion of Plaintiff Charles Ruma and Third-Party Defendant Joseph Sugar, Jr. for Default and/or Dismissal. Defendants and Third-Party Plaintiffs, David and Diane Shashura, have not opposed or otherwise responded to the Motion. This Report and Recommendation is long overdue as it relates to a request for default against parties who have willfully disobeyed court orders, failed to appear as directed, and otherwise ignored the authority of this Court. The record in this case demonstrates that Defendants have consistently failed to comply with orders of this Court directing their attendance at pretrial proceedings. Moreover, the Court has cautioned Defendants no fewer than three times that their failure to prosecute this action and obey court orders would result in the entry of default and dismissal of their claims. Upon review of the record in this case, including the affidavits of counsel, the Court is satisfied that Defendants had knowledge of, and willfully disregarded previous Court orders, and that Defendants have been sufficiently apprised that their insistence to stay the path of non-compliance would result in default on Plaintiffs' claims against them as well as dismissal of their claims. For the following reasons, the undersigned **RECOMMENDS** that the Motion of Plaintiff Charles Ruma and Third-Party Defendant

Joseph Sugar, Jr. for Default and/or Dismissal be **GRANTED** and that default be entered against Defendants, David and Diane Shashura and their Third-Party Complaint be dismissed.

**I.**

Plaintiff Charles Ruma, d/b/a Foxwood Stables, filed this lawsuit on February 19, 2009 against David and Diane Shashura, d/b/a Wynnmere Farm ("Defendants"), alleging fraud and conspiracy to defraud, aiding and abetting fraud, and negligent misrepresentation. The underlying matter relates to the sale of a thoroughbred race horse known as Marble Cliff. On April 14, 2009, Plaintiffs filed an Amended Complaint. Thereafter, Defendants filed a Third-Party Complaint against Joseph Sugar, Jr. for contribution or indemnity.

The Court set this case for Settlement Week mediation for September 17, 2009, as the parties had agreed in their Rule 26(f) Report. The Notice expressly provided that "[e]ach party and their attorney must attend." (Doc. 23.) Subsequently, the Court rescheduled Settlement Week mediation for October 19, 2009.

David and Diane Shashura failed to personally appear for the mediation on October 19, 2009. As a result, the Court ordered Defendants to show cause, no later than October 30, 2009, why sanctions should not be imposed. The parties each submitted responses to this Court's Order, in which the Shashuras indicated they were confused with their counsel's instructions as to the time and date of the mediation. Defendants countered with their perception of the events on the morning of the settlement conference, and indicated that the Shashuras' representations were false. The Shashuras' then-attorney refuted the allegations.

As all of these events were occurring, Defendants' counsel began to experience difficulties communicating with their clients. These difficulties ultimately led to defense counsels' motions to

2

withdraw. On September 9, 2009, attorney Carl J. Stitch, Jr. of the law firm of White, Getgey & Meyer moved the Court for leave to withdraw as counsel for Defendants citing the following reasons:

> To date, the defendants have failed to comply with their engagement with White, Getgey & Meyer, have failed to pay for any of the services rendered, and have failed to respond to letters and emails. The attorney-client relationship is no longer viable.

(Doc. 24.) The Court granted Mr. Stitch's motion and permitted him leave to withdraw as local counsel.  The Court also ordered that substitute local counsel must effect appearance within thirty days.

Attorney Matthew DiCicco of the law firm of Freund, Freeze & Arnold, appeared as local counsel for Defendants on November 30, 2009.  Within several weeks, on February 1, 2010, Defendants' lead counsel, Michael D. Meuser, Michelle L. Hurley and the law firm of Miller Griffin & Marks, P.S.C. moved to withdraw, explaining as follows:

> It is necessary for Movants to withdraw as counsel for Defendants. As detailed further in the affidavit of Michael D. Meuser, attached hereto as Exhibit A, Defendants have ceased all communication with Movants, despite Movants' various efforts to communicate with them. On information and belief, Defendants are no longer residing in the Commonwealth of Kentucky. Defendants have sold their farm in Kentucky and have not provided a forwarding address to Movants. Movants have attempted to contact Defendants through e-mails, voice messages, and correspondence sent to Defendants' last known address. Defendants have not responded to those communications.

(Renewed Motion to Withdraw, Doc. 41.)

As a result, this Court ordered a status conference and required Defendants David and Diane Shashura to appear personally.  The Court, for the first time, notified the Shashura's that their failure to appear would be "construed as a confirmation that they do not intend to pursue their defense of the claims asserted against them and may result in the entry of their default." (Doc. 42.) The Court directed Defendants' counsel to "make every effort to advise these defendants of the

3

scheduled conference and of the consequences of their failure to attend that conference." (*Id.*.)

Attorney Michael D. Meuser submitted his affidavit documenting his efforts to contact David and Diane Shashura to advise them of the status conference. (Doc. 46.) Mr. Meuser avers that he cautioned the Shashura's that their failure to participate in the case could result in the entry of default. On February 8, 2010, Attorney Matthew DiCicco and the firm of Freund, Freeze & Arnold joined in the Motion to Withdraw as Counsel for Defendants, citing that he would be unable to effectively represent the Defendants because of the same lack of communication problems that their chief trial attorneys were experiencing.

The Court conducted a status conference on February 25, 2010. Defendant David Shashura personally participated by telephone. At that conference, Defendant David Shashura advised the Court and counsel that Defendants could be reached by email at windmere@aol.com and by regular mail at P.O. Box 408, Paris, Kentucky 40361. (Hill Aff.,¶ 4.) The Court directed Defendants' counsel to confer further with Defendants David and Diane Shashura, and file a report on the status of their motions to withdraw. (Order, Doc. 50.) Defendants' counsel complied and filed status reports on March 5, 2010, renewing their Motions to Withdraw.

David and Diane Shashura responded on March 8, 2010, and objected to their attorneys attempts to withdraw. On March 9, 2010, recognizing that the attorney-client relationship had irretrievably broken down, the Court granted Defendants' counsel leave to withdraw. The Court once again cautioned Defendants that they must participate or risk having default judgment entered against them:

> The Shashura defendants will be given thirty (30) days to retain substitute counsel. In this regard, the Court expresses a willingness to entertain a request to extend the current pretrial schedule. Alternatively, these defendants may represent themselves without the assistance of counsel although, as the Court explained to Mr. Shashura,

4

>he cannot represent his wife. A status conference will be held on April 8, 2010, at 1:00 p.m. The Shashura defendants must participate either personally or through counsel. Their failure to do so may result in the entry of their default on plaintiff's claims against them and the dismissal of their claims.

(Order, Doc. 54.)[1]

The Shashuras did not appear for the status conference scheduled on April 21, 2010. In its Order following the status conference, the Court could not have been more clear:

>The Court has cautioned the Defendants on numerous occasions that [the Shashuras'] failure to participate in this case may result in the entry of their default on Plaintiffs' claims against them and the dismissal of this case. Moreover, Defendants are expressly admonished that their willful disregard of [an] Order directing them to appear before the Court may result in the imposition of sanctions. Accordingly, counsel for Plaintiffs shall file an affidavit outlining his communications with Defendants which he believes evidence Defendants' knowledge and receipt of the Court's previous Orders directing them to appear and participate in this case, as well as their knowledge that the failure to do so would result in the entry of default. Thereafter, if the Court is satisfied that Defendants had knowledge of, and willfully disregarded previous Orders, the Court will enter judgment against the Shashura Defendants.

(Doc. 59.)

As instructed by the Court, counsel for Plaintiffs filed an affidavit outlining his communications with Defendants regarding the April 21, 2010 status conference. Former counsel for Defendants, Matthew DiCicco, also filed an affidavit setting forth his communications with the Defendants regarding the April 2010 conference. Attorney DiCicco indicated in his affidavit that he considered the email address wynnmere@aol.com to be valid as he had communicated with the

---

[1] Upon the motion of Plaintiff's counsel, the Court rescheduled the status conference to April 21, 2010. (Doc. 56.) Plaintiff's counsel sent a copy of his motion to the Shashuras by email and regular U.S. Mail at the addresses they indicated to the Court at which they could be contacted. (Hill Aff., at ¶¶ 8-10.) He also sent a copy of the Court's order granting his motion and rescheduling the conference to April 21, 2010 to the Shashuras by email. (Hill Aff. at ¶ 12.)

Shashuras through that address two days prior to his email in which he forwarded the Order setting the status conference for April 8, 2010. (DiCicco Aff, at ¶¶ 7-8.) Plaintiff's counsel sent his motion to reschedule the conference and the Order setting the conference for April 21, 2010 to the same email address. (Hill Aff., at ¶¶ 9, 10 & 12.) Plaintiff's counsel likewise sent a copy of his affidavit to the Shashuras by regular U.S. Mail and email at the addresses they provided to the Court. (Hill Aff., at ¶ 16.)

Plaintiff now moves for default judgment based on Defendants' failure to defend this lawsuit. For the same reasons, Third-party Defendant Sugar also maintains that Shashuras' Third-Party Complaint against him should be dismissed.[2] The Shashuras, once again, failed to respond to the Motion or otherwise defend.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure confers authority on district courts to dismiss an action for failure of a plaintiff to prosecute his or her claims or to comply with the Rules or any order of the Court. *Knoll v. AT & T,* 176 F.3d 359, 362-63 (6th Cir.1999.) "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363 (brackets and internal quotation marks omitted). A district court therefore "must be given substantial discretion in serving these tasks." *Id.; see also Schafer v. City of Defiance Police Dept*. 529 F.3d 731, 736 (6th Cir. 2008) (same).

---

[2] As set forth in the certificate of service attached to the Motion, counsel for Plaintiff served the Shashuras by email and regular U.S. Mail.

"The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted). The Court must balance the following competing concerns: "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims," and, "[o]n the other hand[,] … the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

The Court must consider four factors in determining whether dismissal for failure to prosecute an action is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363. "Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*

In order to find that a party's actions were motivated by willfulness, bad faith, or fault under the first factor, the conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu,* 420 F.3d at 643 (brackets and internal quotation marks omitted) (concluding that the plaintiff's failure to seek a default judgment did not evince the requisite intent under the first factor because the plaintiff had relied on the fact that a stipulated order to stay the proceeding was pending before the court); *but see Harmon v. CSX*

7

*Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming the dismissal of the case and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where the plaintiff, for nearly one year, failed to respond to discovery requests and a motion to compel, did not comply with a court order, and filed no response to a motion to dismiss even after the district court granted an extension.) For purposes of the second factor, a party is prejudiced by conduct that causes "waste[d] time, money, and effort in pursuit of cooperation which [a litigant] was legally obligated to provide." *Id*. As for the third factor, "[p]rior notice, or the lack thereof, is … a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Stough v. Mayville Comm'n Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

The sanction of dismissal is appropriate only if the conduct at issue actually amounted to failure to prosecute and no alternative sanction will protect the integrity of the pretrial process. *Schafer*, 529 F.3d at 738. The Court should express that it has considered and rejected less drastic sanctions. *Id.*; *Harmon*, 110 F.3d at 368-69. A district court, however, is empowered to dismiss a complaint, "as the first and only sanction," on the basis of a party's neglect alone. *See Schafer,* 529 F.3d at 738 ("This court, however, has 'never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect.'" (quoting *Harmon*, 110 F.3d at 668-69.))

In *Buck v. United States Department of Agriculture*, the United States Court of Appeals for the Sixth Circuit analogized defaults and dismissals for want of prosecution. 960 F.2d 603, 607 (6th Cir.1992.) The court recognized the different procedural postures in which defaults and dismissals for failing to prosecute arise, noting that the three-part test for considering a request to set aside a default judgment is not "followed precisely in cases of dismissal for failure to prosecute." *Id*. The

8

court explained that a "default occurs at the very beginning of a case," while dismissals for want of prosecution typically have "proceeded beyond the initial pleading stage and the issues have been joined, and there is less risk of dismissal being based upon an unstated meritorious claim or defense." *Id*. Thus, in dismissals for want of prosecution, the Court need not engage in a "separate inquiry as to the existence of a meritorious claim." *Id*.

The Seventh Circuit came to the same conclusion, explaining that a "default judgment is the mirror image of a dismissal of a suit for failure to prosecute." *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir.1993.) As that court found:

> Default is failure to defend; failure to prosecute is a plaintiff's default; both a default judgment and a dismissal for failure to prosecute are sanctions for disruptive or dilatory conduct in litigation. The standard for whether to impose them should, therefore, be the same, and a comparison of decisions articulating the standard for the entry of a default judgment with the standard set forth … for dismissals for failure to prosecute indicates that they are the same.

*Id*.

Finally, Rule 41(b) expressly permits a defendant to move to dismiss a claim or an action "[i]f the plaintiff fails . . . to comply with . . . a court order. . . ." Fed. R. Civ. P. 41(b.) A *pro se* plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)(holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order.)

### III.

As outlined above, the Shasura Defendants have repeatedly failed to respond to both the Plaintiff's motions and Court's orders. The Court can only characterize such conduct as bad faith

and willful.  Clearly, Plaintiff Ruma and Third-Party Defendant Sugar have been prejudiced by the necessity of monitoring a case that the Shashuras have permitted to languish, appearing for Court-ordered proceedings that the Shashuras ignore, and incurring the costs associated with filing the affidavits and instant Motion.  Moreover, the Shashuras have exhibited no respect for the Court and its authority, and failed to obey several Orders directing their attention to this case.  In addition, Defendants have been cautioned, and plainly were on notice, concerning the ramifications of a failure to comply with the Court's Orders, including the risk of dismissal of their claims and default.  Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Shashuas' failure to prosecute this matter.

And, because default judgment is the "mirror image of a dismissal of a suit for failure to prosecute," *Philips Med. Sys,* 8 F.3d at 602, the Court concludes that Shashuras' and dilatory conduct in this litigation calls for the entry of a default judgment on Plaintiff's claims against them.

## IV.

For the foregoing reasons, the undersigned **RECOMMENDS** that the Motion be **GRANTED** and that **DEFAULT** be entered against Defendants, David and Diane Shashura, on Plaintiff Ruma's claims against them, and that the Shashura Defendants' Third-Party Complaint against Third-Party Defendant Joseph Sugar be **DISMISSED** for failure to prosecute.  If this Report and Recommendation is adopted by the District Judge, the Court will conduct a hearing to determine the amount of damages under Federal Rule of Civil Procedure 55(b)(2)(B.)

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Shashuras by email at wynnmere@aol.com.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b.) Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b.)

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation.) Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).)

**IT IS SO ORDERED.**

**DATE: October 18, 2010**             /s/ *Elizabeth A. Preston Deavers*
                                                                                           **ELIZABETH A. PRESTON DEAVERS**
                                                                                           **UNITED STATES MAGISTRATE JUDGE**